UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

William J. Pandolfi

   v.                                                        Civil No. 05-cv-165-SM

Ashbelt T. Wall, et al.

**O R D E R**

William Pandolfi has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his New Hampshire criminal conviction and sentence (document no. 1). The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review *pro se* pleadings). As discussed herein, I find that the petition does not at this time make a facially sufficient showing that Pandolfi is entitled to relief. I order therefore that Pandolfi amend his petition to demonstrate that each of the claims therein have been properly exhausted before I will direct that the petition be answered.

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes *pro se* pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party). "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and

meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

William Pandolfi was twice tried on charges of sexual assault in the late 1990s.  The first trial ended in mistrial.  Pandolfi was convicted in April 1998, after his second trial.  Pandolfi then took a direct appeal to the New Hampshire Supreme Court ("NHSC") alleging: (1) that the trial court improperly admitted damaging testimony against him and that the curative instruction given to the jury regarding the damaging testimony was insufficient; and (2) that the trial court improperly refused to conduct an *in camera* review of certain records of the victim in the case.  The NHSC denied relief on the testimony and jury instruction issues, but agreed that the trial court erred in failing to conduct *in camera* review of the victim's records.  State v. Pandolfi, 145 N.H. 508, 512, 515 (2000), reh'g denied Feb. 28, 2001.  The trial court remanded the matter back to the trial court for further review and action.  Apparently, the April 1998 conviction was subsequently affirmed.  Pandolfi alleges that between the time his conviction was affirmed and the present, he has engaged in a plethora of state court litigation, although he

has neither said precisely what that litigation involved, where it took place, the exact dates of the proceedings, nor provided any pleading or other document filed in any state court.

Pandolfi appears to allege ten distinct claims entitling him to federal habeas relief in his petition:

1. The trial judge interfered with Pandolfi's trial and pretrial proceedings by making forensic and scientific findings that resulted in improperly admitted evidence;

2. Pandolfi's trial counsel was ineffective when he failed to object to or confront certain testimony, challenge the grand jury proceedings, obtain discovery, waived Pandolfi's probable cause hearing without his consent, and failed to present evidence favorable to Pandolfi at trial;

3. The prosecutor engaged in misconduct by knowingly presenting false evidence to the grand jury;

4. Pandolfi's right to access the courts was denied when the NHSC refused to address his pleadings within a reasonable time, creating an excessive delay in his pending mandamus matter before that court;

5. Pandolfi's right to confront and cross-examine the evidence against him at trial was denied when the judge denied him access to prior testimony of a witness or witnesses for impeachment purposes and the prosecutor was permitted thereby to admit false testimony into evidence at trial;

6. Pandolfi's appellate counsel was ineffective when he filed appeal paperwork on Pandolfi's behalf while acting under a conflict of interest;

    7.    Pandolfi's sentence is vindictive and unsupported by evidence in that it is based on unsupported and unproven allegations against Pandolfi, it was based on a prosecutor's recommendation that increased after trial from what had been offered in exchange for a guilty plea, and because the parole board requires that he confess to the crime he was convicted of before he is eligible for parole;[1]

    8.    Pandolfi alleges that he is entitled to relief on the basis of an "Unperfected record denying constitutional violations exposure for review by the States Supreme Court;"

    9.    Pandolfi seeks relief in the form of this Court's action to "protect and preserve all constitutional issues missed by non trained *pro-se* defendant who had a right to protection in the first place;"

    10.    Pandolfi alleges that he is being subjected to an "*ex-post facto* application of program requirement for parole which would require an extorted confession," because the sentencing judge gave him an extended term sentence and ordered him to complete programs that were not available at the time of his criminal act, and that he is being denied good time to which he is entitled and

---

[1] To the extent that Pandolfi intends to state a violation of a right to be released on parole, such a claim is not cognizable in a federal habeas petition.  It is well-settled that a convicted person has no constitutional right to be conditionally released before the expiration of a valid sentence.  See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  A valid conviction, with all its procedural safeguards, extinguishes that liberty right.  Id.; see also Meachum v. Fano, 427 U.S. 215, 224 (1976).  If Pandolfi's amended petition continues to include a habeas claim for a violation of his right to be granted parole, such a claim will be dismissed when the amended petition is reviewed by this Court.

>   punished for exercising his constitutional right
>   to trial.

## Discussion

To be eligible for habeas relief, Pandolfi must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process. See 28 U.S.C. § 2241 and § 2254(a) & (b); see Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 355, 358-59 (1st Cir. 1981). Pandolfi satisfies the first requirement as he is currently serving a New Hampshire State Prison sentence and is thus in custody. See Jones v. Cunningham, 371 U.S. 236 (1971) (parole satisfies custody requirement of habeas statute). However, the petition does not establish satisfaction of the exhaustion requirement.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state

appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the state courts to give them the first opportunity to remedy the claimed constitutional error).

While Pandolfi's petition alleges ten claims, Pandolfi has not stated a federal right that would serve as the basis for any of his claims except that he alleges "due process" violations in his claim challenging his sentence as vindictive and unsupported by the evidence, and his claim that he was subjected to a sentence that was not available at the time of his offense. Further, he has asserted a Sixth Amendment violation in his claim that he was denied the effective assistance of counsel when his trial counsel failed to preserve errors for appellate review.

Pandolfi has not, however, demonstrated that any of his claims, or the federal nature of any of his claims, have been fairly presented to, and thereby exhausted in, any state court. In order to demonstrate exhaustion of his claims, including the federal nature of the claims, Pandolfi must submit to this Court copies of all of his pleadings before the state courts regarding

any of the issues he seeks to raise in this petition, so that this Court can determine whether or not the state courts have been given a fair opportunity to rule on the claims raised here and the federal nature of those claims, to allow this action to proceed.

Additionally, Pandolfi alleges that at least one of his claims has been presented to the NHSC and is still pending there, not having been decided in a time frame that Pandolfi feels will adequately vindicate his rights.  Pandolfi's petition before this Court does not make clear what claims are pending in the NHSC such that the resolution of those claims would exhaust any of his claims here, or, otherwise render them eligible for federal habeas review.  Therefore, even if Pandolfi were able to state a claim for unreasonable delay sufficient to excuse him from the exhaustion requirement by the NHSC's failure to dispose of his case within sixty days, which is far from certain, he must first demonstrate that the claims he asserts here, and their federal nature, have been presented to the NHSC, for consideration.

In order to proceed with his current habeas petition, therefore, Pandolfi must amend his petition to include, for each claim presented in his petition, documentation, including

motions, petitions, notices of appeal, briefs, or other pleadings showing that the precise federal nature of the issues presented here were in fact presented in the state courts.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (listing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  Pandolfi may have to return to the state courts to fully present these claims, and the federal nature of those claims, in those courts before he can make the required amendment to his current petition.

    The Supreme Court has recently decided that a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 125 S.Ct. 1528, 1531 (2005); see also Duncan v. Walker, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring) ("There is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies.").  Staying unexhausted

claims is "the preferable course in many cases involving 'mixed' petitions - and it may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack."  Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 14 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is
a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").

    Because Pandolfi has alleged that his state court litigation was still pending at the time this action was filed, and there is no indication that any of his claims have been exhausted, it does not appear that a stay is necessary at this time to protect the timeliness of this petition.  Accordingly, absent additional information being provided by Pandolfi, I am not inclined to stay the petition at this time.

### Motion for the Appointment of Counsel

    On May 31, 2005, Pandolfi filed a motion seeking the appointment of counsel in this case (document no. 4).  There is no absolute constitutional right to free legal representation in a civil case.  Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988).

Rather, appointment of counsel in a civil case is left to the discretion of the court.  See 28 U.S.C. § 1915(d).  An indigent litigant must demonstrate that exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law.  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam).  In the case at hand, petitioner has failed to establish the existence of such circumstances.  The petitioner's motion for counsel is denied without prejudice to refiling in the future should circumstances warrant.

## Conclusion

Pandolfi is ordered to amend his petition within thirty days of the date of this Order to demonstrate for each claim presented in his petition:

    1.   What precise violation of what federal right is alleged;

    2.   What pleadings have been filed in what state courts to present each claim, and its federal nature, to those courts;

    3.   The state courts' responses to each of the claims presented;

    4.    What dates each state court action was commenced and concluded; and

    5.    The precise nature of any pending action, including what claims are pending, and what, if anything, warrants a determination that the actions of the state courts have caused an "unreasonable delay" on the resolution of these matters.

If Pandolfi fails to amend his petition as directed in this Order, the petition will be dismissed for failure to demonstrate exhaustion of all of the claims presented.[2]

**SO ORDERED.**

                                                        _____
                                                        James R. Muirhead
                                                       United States Magistrate Judge

Date:     June 7, 2005

cc:       William J. Pandolfi, *pro se*

---

[2] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Pandolfi's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).