**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

William J. Pandolfi

   v.                                      Civil No. 05-cv-165-SM

Ashbelt T. Wall, et al.

**O R D E R**

William Pandolfi filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his New Hampshire criminal conviction and sentence (document no. 1) on May 16, 2005.  On June 7, 2005, Pandolfi was ordered to amend his petition to state, with specificity:

1. What precise violation of what federal right is alleged in each claim set forth in his petition;

2. What pleadings have been filed in what state courts to present each claim, and its federal nature, to those courts;

3. The state courts' responses to each of the claims presented;

4. What dates each state court action was commenced and concluded; and

5. The precise nature of any pending action, including what claims are pending, and what, if anything, warrants a determination that the actions of the state courts have caused an "unreasonable delay" on the resolution of these matters.

My June 7, 2005 Order also acknowledged that, in order to fully demonstrate that all of his claims, including the federal nature of each claim, had been exhausted in the state courts, Pandolfi might have to return to the state courts to complete the exhaustion process.

In July of 2005, Pandolfi filed several motions[1] and three separate addenda to his petition (document nos. 9-11). On July 28, 2005, Pandolfi was directed to demonstrate what steps he was taking to exhaust his claims within thirty days of that Order (document no. 12). On August 12, 2005, Pandolfi filed a motion to stay his petition "pending resolution of state course" alleging that the matter was then pending in the state courts (document no. 13). That motion was granted and the Court directed Pandolfi to notify the court of the status of his state court proceedings every 90 days. My review of the file does not review any status report provided to this Court since the time of that Order.

On May 12, 2006, Pandolfi filed a motion to reinstate his habeas petition (document no. 14) which generally alleged that he

---

[1] Pandolfi filed a motion for leave of service (document no. 6), a motion to appoint counsel (document no. 7) and a motion to extend time to file (document no. 8).

had given the state courts an opportunity to rule on his claims. Attached to that motion is a copy of a notice from the New Hampshire Supreme Court advising Pandolfi that his notice of appeal, filed in case number 2006-0172 had been declined on April 21, 2006. No pleadings or other documents indicating what issues were presented to the New Hampshire Supreme Court in that case have been supplied to this Court.

After careful review of the three addenda sent to this Court in July of 2005, I have determined that, of the ten claims that I identified as having been raised in the original habeas petition, two of them, numbered 1 and 6 in my June 7, 2005 Order, appear to have been exhausted in the state courts. Pandolfi has demonstrated that these two claims, including the federal nature of the claims, were presented to the New Hampshire Supreme Court in case number 2003-0033. The pleadings currently before this Court reveal no other information about exhaustion at this time. In my June 7, 2005 Order, I spelled out for Pandolfi exactly what he must allege and how in order to sufficiently demonstrate exhaustion to allow his habeas corpus petition to proceed.

The notice of declination attached to Pandolfi's motion to reinstate provides no information about which, if any, of the

claims in the petition have been exhausted by the presentation of a notice of appeal to the state supreme court.  Pandolfi is now directed to provide to this Court, within thirty days of the date of this Order, a copy of the notice of appeal and all the attachments thereto, provided to the New Hampshire Supreme Court in case number 2006-0172, and any other pleadings presented to the New Hampshire Supreme Court since June 7, 2005.  Upon receipt of Pandolfi's submission, the Court will determine whether or not the habeas corpus petition can proceed.

    **SO ORDERED.**

                                            _____
                                            James R. Muirhead
                                            United States Magistrate Judge

Date: July 13, 2006

cc:   William Pandolfi, *pro se*