UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

William J. Pandolfi

   v.                                    Civil No. 05-cv-165-SM

Ashbelt T. Wall, et al.

**O R D E R**

Before the Court is William Pandolfi's latest filing, entitled "In Re Memorandum to Support Enclosed Documents" (document no. 21) filed pursuant to his effort to seek a petition for a writ of habeas corpus. The case initially came to me on May 19, 2005 to conduct a preliminary review of Pandolfi's petition for a writ of habeas corpus (document nos. 1, 9-11, 14 & 21)[1] pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("§ 2254 Rules") and United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the Magistrate Judge to preliminarily review cases filed by incarcerated pro se

---

[1] Documents 1, 9-11, 14, 21, and attachments thereto, filed by Pandolfi in this matter, will be considered in the aggregate to constitute the petition for a writ of habeas corpus in this matter.

plaintiffs). For the reasons explained herein, I direct Pandolfi to amend his petition to elect to (1) remove the unexhausted claims and proceed on the exhausted claims, with the understanding that he may not be able to raise the unexhausted claims in the future, or (2) leave his petition unchanged, in which case this Court will recommend to the District Judge that the petition be dismissed because it is a mixed petition.

### Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Discussion

The habeas petition in this matter initially raised ten claims.  Because Pandolfi's initial petition failed to demonstrate that any of the claims raised, or the federal nature of those claims, had been exhausted in the state courts, Pandolfi was directed to amend his petition to demonstrate exhaustion in a June 7, 2005 Order (document no. 5).  Pandolfi was given the opportunity to stay his petition in this Court and return to the state courts to complete exhaustion of his claims.

On July 5, 2005, Pandolfi filed a pleading entitled "Addendum/Statement of the Case in Claim #1 to Petition for Writ of Habeas Corpus" (document no. 9).  On July 11, 2005, Pandolfi

filed a pleading entitled "Addendum/Additional Allegations to Petition for Writ of Habeas Corpus" (document no. 10) and on July 22, 2005, Pandolfi filed a pleading entitled "Addendum/Memorandum in Support of Petition for Writ of Habeas Corpus" (document no. 11).

On July 28, 2005, I directed Pandolfi to demonstrate by August 27, 2005 that he had taken steps to exhaust his claims in the New Hampshire Supreme Court (document no. 12). Pandolfi responded on August 12, 2005 with a "Motion to Stay Petition Pending Resolution of State Case" (document no. 13). I granted that motion in an Order that also directed Pandolfi to notify this Court of the status of his state court proceedings every 90 days. Pandolfi did not file any 90-day status reports.

The next filing from Pandolfi was received on May 12, 2006, which was a motion to reopen his case (document no. 14), as his case had been administratively closed during the stay. The case was reopened on June 5, 2006. On July 13, 2006, I directed Pandolfi, again, to provide this Court with a specific list of his claims before this Court, the exhaustion status of each claim, including the federal nature of the claim, and other information pertinent to this Court's preliminary review of the

petition within thirty days of the date of the Order (document no. 15). Pandolfi filed a number of pleadings with the Court between July 20, 2006 and August 14, 2006 (document nos. 16-18 & 20) which were non-responsive to the directives of my July 13, 2006 Order. Finally, on September 11, 2006, Pandolfi filed a pleading entitled "In Re Memorandum to Support Enclosed Documents" (document no. 21).

Among its many hundreds of pages of attached documents, the pleading included notices of appeal filed in the New Hampshire Supreme Court by Pandolfi in 2004 and 2006. After carefully reviewing the information submitted to the Court by Pandolfi in this case, I find that Pandolfi has affirmatively demonstrated exhaustion in the state courts of seven of his claims, which are set forth in my June 7, 2005 Order as numbers 1-3, 5-7 and 10, by submitting notices of appeal that show that Pandolfi has presented his claims, and the federal constitutional nature of those claims, to the New Hampshire Supreme Court for review. I also find, after reviewing Pandolfi's submissions, that the claim numbered 9, asking this Court to "protect and preserve all constitutional issues missed by non trained pro se defendant, who had a right to protection in the first place" was not intended to

be raised as a habeas claim in this action.[2]  As to claims numbered 4 and 8, Pandolfi has still not demonstrated exhaustion of these claims.

Federal district courts may not adjudicate mixed petitions, which are petitions containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509, 518-19 (1982).  The Supreme Court has acknowledged that District Courts have the power to stay the exhausted claims in mixed petitions while a petitioner returns to the state courts to complete exhaustion of the unexhausted claims.  Rhines v. Weber, 544 U.S. 269, 277 (2005).  This Court exercised that authority in this matter, and stayed the case to give Pandolfi the opportunity to exhaust all of the claims in his petition.

Pandolfi has now returned to this Court with most, but not all, of his claims exhausted.  Pandolfi has also not, thus far, elected to forego any of his claims.  This will be Pandolfi's last opportunity to forego his unexhausted claims in this Court.[3]

---

[2]Even in the event that this were raised as a habeas claim, the Court is not in a position to act as the petitioner's attorney and specifically protect and preserve issues not raised by the petitioner.  Pliler v. Ford, 542 U.S. 225, 231 (2004).

[3]If Pandolfi does elect to forego his unexhausted claims it is unlikely he would ever be able to raise them in a future federal habeas petition due to the prohibition against second or

If Pandolfi decides to proceed with this mixed petition unchanged, I will have to recommend that it be dismissed in its entirety for failure to demonstrate exhaustion of all of the claims raised therein.[4]  See § 2254 Rule 4.

### Motion for the Appointment of Counsel

On at least two prior occasions, Pandolfi has sought and been denied the appointment of counsel in this matter. Pandolfi's most recent requests for counsel are now before the Court (document nos. 18 & 21).  I again deny Pandolfi's request for appointed counsel.

### Conclusion

Pandolfi is to file an amendment to his petition within twenty (20) days, advising this Court as to how he intends to proceed in this matter.  Specifically, Pandolfi must elect either to:

1.   Forego his unexhausted claims and proceed on his seven exhausted claims; or

---

successive petitions.  28 U.S.C. § 2244.

[4] If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice as it would be procedural and not based on the merits of Pandolfi's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000). However, a dismissal without prejudice may still endanger the timeliness of future petitions filed by Pandolfi.

    2.    Proceed with his petition unchanged, knowing that I will recommend to the District Judge that the petition be dismissed as a mixed petition.

    If Pandolfi fails to comply with this Order, I will recommend the petition be dismissed for failure to demonstrate exhaustion of each claim therein.

    **SO ORDERED.**

                                    _/s/ James R. Muirhead_
                                    James R. Muirhead
                                    United States Magistrate Judge

Date:   October 3, 2006

cc:     William Pandolfi, *pro se*